**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARBARA BALISTRERI,<br><br>Appellant,<br><br>v.<br><br>LAWRENCE G. FRANK, *et al.*,<br><br>Appellees. | No. 4:25-CV-01946<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**JULY 31, 2026**

This case arises from the dismissal of a Chapter 7 bankruptcy and an order by the presiding Bankruptcy Court Judge denying recusal. There is one pending motion before the Court that must be decided before the merits of the bankruptcy appeal are judged: a motion to dismiss. I will address that motion, and then turn to the merits of the appeal, itself.

## I. MOTION TO DISMISS

On February 20, 2026, Craig Balistreri filed a motion to dismiss Plaintiff's appeal from a bankruptcy final judgment.[1] Pursuant to 28 U.S.C. § 158(a) this Court has jurisdiction to hear such an appeal.[2] However, "standing is a prerequisite to

1 Doc. 4.
2 *See Stern v. Marshall*, 564 U.S. 462, 474-75 (2011).

proceeding on appeal."[3] "Appellate standing in bankruptcy is limited to 'persons aggrieved' by an order of the Bankruptcy Court. The persons aggrieved test 'now exists as a prudential standing requirement that limits bankruptcy appeals to persons whose rights or interests are directly and adversely affected pecuniarily by an order or decree of the bankruptcy court.' To be a person aggrieved, a party must challenge an order that 'diminishes [its] property, increases [its] burdens, or impairs [its] rights.'"[4] It is apparent from the record in this appeal and the bankruptcy court record that Mr. Balistreri fails to meet this standard.

While it is admittedly unclear whether the above referenced aggrieved person standing applies to those other than the appellant in a bankruptcy appeal, I am quite certain that some level of standing must be required to be involved in a bankruptcy appeal. Therefore, it is likely that Mr. Balistreri must have some form of Article III standing to proceed.[5] "[A] party may demonstrate Article III standing through proof appropriate to the stage of the case of (i) an injury-in-fact that is concrete, particularized, and actual or imminent; (ii) fairly traceable causation between the challenged act and the injury-in-fact; and (iii) redressability, meaning that the injury-in-fact is capable of resolution in a manner consistent with the traditional

---

[3] *In re Paragon Offshore plc*, 597 B.R. 748, 756 (D. Del. 2019) (citing *In re Richardson Indus. Contractors, Inc.*, 189 Fed. App'x 91 (3d Cir. 2006)), *aff'd*, No. 19-1627, 2022 WL 1055574 (3d Cir. Apr. 8, 2022).

[4] *Id.* at 756-57 (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004)) (internal citations omitted); *see also In re Wilton Armetale, Inc.*, 968 F.3d 273 (3d Cir. 2020).

[5] *See In re Team Sys. Int'l, LLC*, No. 24-3365, 2026 WL 837287, at *3 (3d Cir. Mar. 26, 2026).

understanding of the judicial process."[6] As it is entirely unclear how any of these three elements are met in the case of Mr. Balistreri, the Court also believes that he lacks Article III standing to raise this motion.

Because there is no indication that Mr. Balistreri has any form of standing in this case, his motion will be denied.

## II. DISPOSITION OF APPEAL

On October 16, 2025, Barabara Balistreri filed an appeal from two orders entered by the United States Bankruptcy Court for the Middle District of Pennsylvania in the adversarial proceeding of *In re Barbara Balistreri*, Bankr. No. 4:25-bk-02379- MJC (Bankr. M.D. Pa.).[7] Ms. Balistreri has not submitted any briefing regarding why she believes these orders were entered in err, nor has she described — in any filing in this case — any reason for this appeal. However, in a companion case related to the same set of bankruptcy proceedings, Ms. Balistreri did provide a comprehensive list of her perceived errs of the Bankruptcy Court Judge in deciding case.[8] Many of those arguments have no factual basis to support them and are extremely sparse on relevant legal citations.[9] Based on the comprehensive

---

6 *Id.* (citing *Lutter v. JNESO*, 86 F.4th 111, 124, 128 (3d Cir. 2023)) (internal quotation marks omitted).

7 Doc. 1.

8 For information on these arguments *See In re Barbara Balistreri*, M.D. Pa. No. 4:26-cv-00014-MWB (Doc. 7).

9 *See id.*

nature of the filing in the companion case,[10] and after reviewing that brief and considering the appeal in the companion case,[11] I believe that I fully understand the appellant's arguments and can consider the appeal of the orders in this case.

District courts sit as appellate tribunals when presented with an appeal from a final order of a United States Bankruptcy Court.[12] On such an appeal, courts will "review basic and inferred facts under the clearly erroneous standard . . . and exercise plenary review over legal issues."[13] "In reviewing ultimate facts, which are a mixture of fact and legal precept, [this Court] must break down the questions of law and fact and apply the appropriate standard to each component."[14] Importantly, in reviewing for clear error, it does not matter that this Court "would have reached a different conclusion" if presented with the matter in the first instance.[15] Rather, the Court must accept the Bankruptcy Court's factual findings unless it is "is left with the definite and firm conviction that a mistake has been committed."[16]

---

[10] Indeed, the brief in No. 4:26-cv-00014-MWB describes a great deal of perceived errs related to the two orders at issue here. *See id.*

[11] An opinion regarding substantially similar issues can be found on docket No. 4:26-cv-00014-MWB, at Doc. 12,

[12] *See* 28 U.S.C. § 158; Fed. R. Bankr. P. 8001(a).

[13] *In re Fegeley*, 118 F.3d 979, 982 (3d Cir. 1997).

[14] *Id.* (internal quotation marks omitted).

[15] *Prusky v. ReliaStar Life Ins.*, 532 F.3d 252, 258 (3d Cir. 2008)

[16] *Id.* (internal quotation marks omitted).

In reviewing the record, this Court finds no error in the Bankruptcy Court's opinions or orders.[17] Because there are no apparent errors in the underlying orders being appealed, those decisions will be affirmed in their entirety.

## III. CONCLUSION

For the foregoing reasons, Mr. Balistreri's Motion to Dismiss is denied and the underlying orders from the Bankruptcy Court are affirmed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] The Bankruptcy Court delivered its opinion dismissing the Chapter 7 bankruptcy for comply with an order. *In re Barbara Ann Balistreri*, Bankr. No. 4: 25-bk-02379-MJC (Bankr. M.D. Pa., ECF No. 64).